UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACK RETTIG | CIVIL ACTION |
| VERSUS | NO. 14-996 |
| RONALD E. BRUNO, ET AL. | SECTION I |

## ORDER AND REASONS

Before the Court are (1) a motion for summary judgment[1] filed by plaintiff, Jack Rettig, the opposition[2] filed by defendants Ronald E. Bruno ("Bruno") and Christopher Garcia ("Garcia"),[3] and plaintiff's reply,[4] as well as (2) a motion[5] filed by Bruno and Garcia to stay this case pending arbitration, and plaintiff's opposition.[6] For the following reasons, the motion to stay is **DENIED** and the motion for summary judgment is **GRANTED**.

## BACKGROUND

On November 15, 2013, defendants, Bruno, Garcia, Sergio Lopez, Patrick G. Mendoza, and Troy J. Williams, executed a promissory note agreeing to pay plaintiff $3,346,123.89, on or before November 30, 2013, with interest at the rate of 12.5% per annum, compounded monthly.[7] The note provides that in the event of a default by failure to pay the entire balance and interest due by

---

[1] R. Doc. No. 22.
[2] R. Doc. No. 29.
[3] Co-defendants Sergio Lopez, Patrick G. Mendoza, or Troy J. Williams did not join in the opposition or file separate oppositions.
[4] R. Doc. No. 37.
[5] R. Doc. No. 30.
[6] R. Doc. No. 34.
[7] R. Doc. No. 1-1, at 1-2; R. Doc. No. 22-3, at 1; R. Doc. No. 29-2, at 1.

1

November 30, 2013, the interest rate increases to 14% per annum, compounded monthly.[8] By December 1, 2013, defendants had not made any payments.[9] After some payments were made in December and January, plaintiff and defendants executed a forbearance agreement in which defendants admitted their default on the promissory note, that the note is enforceable, and that they had no defenses to payment of the note.[10] In exchange for plaintiff forbearing exercising his rights to enforce the promissory note, defendants agreed to make installment payments of the $2,578,544.55 then still owed pursuant to the note.[11] One payment of $100,000.00 was made on March 5, 2014, but as of July 31, 2014, $2,661,251.85 in unpaid principal and interest remained due.[12]

On April 30, 2014, plaintiff filed this lawsuit against defendants to enforce the note.[13] Defendants filed a joint answer in which they did not assert any affirmative defenses, but "reserve[d] the right to amend their Answer and to add Affirmative Defenses to assert such additional facts, theories or defenses as may become known during the course of this litigation."[14]

After plaintiff obtained leave to file a motion for summary judgment,[15] defendants' then-counsel sought and obtained leave to withdraw.[16] Plaintiff filed the instant motion for summary judgment to enforce the promissory note on August 19, 2014.[17] On the day oppositions to the motion

---

[8] R. Doc. No. 1-1, at 1-2.
[9] R. Doc. No. 22-3, at 1; R. Doc. No. 29-2, at 1.
[10] R. Doc. No. 1-1, at 3-20; R. Doc. No. 22-3, at 2-3; R. Doc. No. 29-2, at 2.
[11] R. Doc. No. 1-1, at 3; R. Doc. No. 22-3, at 2-3; R. Doc. No. 29-2, at 2.
[12] R. Doc. No. 22-3, at 3; R. Doc. No. 29-2, at 2-3.
[13] R. Doc. No. 1.
[14] R. Doc. No. 11, at 2.
[15] R. Doc. No. 20.
[16] R. Doc. No. 21.
[17] R. Doc. No. 22.

for summary judgment were due, present counsel moved to enroll on behalf of defendants Bruno and Garcia and moved to continue the submission date of the motion for summary judgment.[18] The Court granted the motion to enroll,[19] extended the time to file an opposition, but maintained the submission date of the motion for summary judgment.[20] After a second extension of the opposition deadline,[21] defendants Bruno and Garcia filed their opposition to the motion for summary judgment on September 2, 2014.[22]

On September 2, 2014, Bruno and Garcia also filed (1) a demand for arbitration against plaintiff and a corporate entity he allegedly controls based on purported fraud in connection with a sale of oil and gas equipment, and (2) a motion[23] to stay this case pending resolution of that arbitration. Plaintiff filed an opposition to the motion to stay and a reply in support of his motion for summary judgment.[24]

## STANDARD OF LAW

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."

---

[18]R. Doc. No. 23; R. Doc. No. 24. Counsel did not enroll to represent defendants Sergio Lopez, Patrick G. Mendoza, or Troy J. Williams, who are presently pro se and did not file any responses to the pending motions.
[19]R. Doc. No. 26.
[20]R. Doc. No. 27.
[21]R. Doc. No. 28.
[22]R. Doc. No. 29.
[23]R. Doc. No. 30. Defendants have not submitted a copy of the arbitration demand.
[24]R. Doc. No. 34; R. Doc. No. 37.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## ANALYSIS

Enforcement of promissory notes is "'fit grist for the summary judgment mill.'" *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995) (quoting *FDIC v. Cardinal Oil Well Serv. Co.*, 837 F.3d 1369, 1371 (5th Cir. 1988)). "In a suit on a promissory note under Louisiana law, the creditor establishes its prima facie case by producing the notes." *United States v. Laurent*, No. 08-

4

1566, 2009 WL 511250, at *1 (E.D. La. Feb. 27, 2009) (Vance, C.J.).[25]

Plaintiff has produced the note and defendants do not dispute the validity of their signatures.[26] None of the defendants deny that plaintiff is a holder of the note entitled to enforce it.[27] Accordingly, "'the burden of proof shifts to the debtor to establish nonexistence, extinguishment, or variance in payment of the obligation.'" *Laurent*, 2009 WL 511250, at *1 (quoting *Dugas v. Modular Quarters, Inc.*, 561 So. 2d 192, 200 (La. App. 3 Cir. 1990)).

None of the defendants assert any affirmative defenses in their answer. Bruno and Garcia fail to assert any affirmative defenses in their opposition to summary judgment, nor do they articulate any reason why the promissory note is not enforceable or why plaintiff's motion for summary judgment cannot be granted. Instead, Bruno and Garcia contend that enforcement of the note by summary judgment should be postponed until resolution of the arbitration proceeding they have initiated.[28] Notably, Bruno and Garcia do not contend that the note itself can be enforced through arbitration. Rather, the note expressly requires "any action or proceeding arising out of or relating to this Note" be brought exclusively in "any state or federal court sitting in Orleans Parish, Louisiana."[29] Because there is no written agreement to arbitrate any matters relating to the note itself, there can be no mandatory stay of this case pending arbitration of the note itself. *See* 9 U.S.C. § 3; *see also Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 754 (5th Cir. 1993).

Assuming that the Court has discretion to stay this case pending the outcome of a related

---

[25]The note itself dictates that Louisiana law governs its enforceability, R. Doc. No. 1-1, at 2, and defendants do not argue that any other law applies.
[26]R. Doc. No. 22-3, at 1; R. Doc. No. 29-2, at 1.
[27]R. Doc. No. 22-3, at 1; R. Doc. No. 29-2, at 1.
[28]R. Doc. No. 29, at 1.
[29]R. Doc. No. 1-1, at 1-2.

5

arbitration, *see Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 20 n.23 (1983), defendants have not persuaded the Court that a stay is permissible or warranted. First, defendants contend that the parties to this case and to the arbitration are "essentially the same," and that the arbitration will be resolved "promptly."[30] But as set forth above, the note is enforceable now and plaintiff, having filed a motion for summary judgment, plainly desires to enforce it immediately. Even if a delay would not be an inconvenience to plaintiff (which the Court does not decide), that does not explain why there should be any delay at all. Second, defendants insist that this case should be stayed because it shares "overlapping issues" with the arbitration and may "impair the parties' rights in the arbitration with respect to the Equipment and lead to inconsistent results."[31] Neither contention withstands any scrutiny. Plaintiff filed this case and the present motion to enforce a promissory note; as described by defendants, the arbitration alleges fraud in connection with the sale of oil and gas equipment. As explained above, the facts necessary to decide plaintiff's motion for summary judgment are narrow and not disputed by defendants. Nor do Bruno and Garcia point to any fact to be decided in the arbitration which would have any bearing on the validity or enforceability of the promissory note. Accordingly, enforcement of the note does not meaningfully overlap with the arbitration nor will it be inconsistent with any possible outcome in the arbitration. The mere fact that Bruno and Garcia would prefer not to pay pursuant to the note until they have had a chance to recover an offsetting amount through arbitration does not create any risk of "inconsistent results."[32] Nor does inconsistency result, as Bruno and Garcia seem to suggest, from the fact that plaintiff could conceivably attempt to execute an unpaid judgment obtained in this case against some

---

[30]R. Doc. No. 29, at 8-9.
[31]R. Doc. No. 29, at 8.
[32]R. Doc. No. 29, at 8-9; R. Doc. No. 29-2, at 3.

of the property subject to the disputed arbitration.[33]

Bruno and Garcia concede that the issues in the arbitration are "legally distinct from the note at issue in this action" and that the claims raised in the arbitration "cannot, and should not, be resolved in this action."[34] In light of that disconnect between the subjects of this case and the arbitration, the Court finds none of the cases cited by Bruno and Garcia to be on point or to support a stay under these circumstances.

Because plaintiff has established its prima facie case of enforceability of the note and Bruno, Garcia, and the remaining defendants have articulated no meaningful defense to the motion for summary judgment, the motion for summary judgment shall be granted. Accordingly,

**IT IS ORDERED** that Bruno and Garcia's motion to stay is **DENIED** and plaintiff's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall comply with the Court's minute entry of this date addressing attorneys' fees and costs.

New Orleans, Louisiana, September 22, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[33] *See* R. Doc. No. 29, at 8.
[34] R. Doc. No. 29, at 1, 2.