UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACK RETTIG | CIVIL ACTION |
| VERSUS | NO. 14-996 |
| RONALD E. BRUNO, ET AL. | SECTION I |

### ORDER AND REASONS

Before the Court is a motion for a preliminary injunction[1] filed by plaintiff, Jack Rettig. The Court has received oppositions from defendants, Christopher Garcia ("Garcia"),[2] Patrick Mendoza ("Mendoza"),[3] and Troy J. Williams.[4] The Court has not received responses from defendants, Ronald E. Bruno or Sergio Lopez, who are currently *pro se*. For the following reasons, the motion for a preliminary injunction is **DENIED**.

### BACKGROUND

This case arises out of a promissory note executed by defendants promising to pay plaintiff a sum of money.[5] On April 30, 2014, plaintiff filed this lawsuit against defendants to enforce the note.[6] On June 17, 2014, William J. Kelly, III, ("Kelly") filed an answer on behalf of all defendants, in which defendants did not assert any affirmative defenses but "reserve[d] the right to amend their Answer and to add Affirmative Defenses to assert such additional facts, theories or defenses as may

---

[1] R. Doc. No. 53.
[2] R. Doc. No. 57.
[3] R. Doc. No. 59.
[4] R. Doc. No. 69.
[5] The underlying facts are set forth in greater detail in the Court's order and reasons granting plaintiff's motion for summary judgment to enforce the note. *See* R. Doc. No. 39.
[6] R. Doc. No. 1.

1

become known during the course of this litigation."[7] On August 18, 2014, the Court granted a motion to withdraw filed by Kelly.[8] On August 26, 2014, the Court granted a motion by new counsel to enroll on behalf of defendants, Garcia and Ronald E. Bruno.[9] Defendants, Mendoza, Sergio Lopez, and Troy J. Williams, remained *pro se* throughout the remainder of the proceedings.

Ultimately, the Court granted a motion for summary judgment filed by plaintiff[10] and entered a judgment on September 30, 2014, in favor of plaintiff "and against defendants, Ronald E. Bruno, Christopher Garcia, Sergio Lopez, Patrick G. Mendoza, and Troy J. Williams, jointly and severally, for the unpaid principal of and interest under the promissory note in the amount of $2,692,895.23 as of August 31, 2014, together with interest accruing from September 1, 2014, at the rate of 14% per annum compounded monthly, and reasonable attorneys' fees and costs to be determined later."[11]

This case was closed and no further activity occurred until April 17, 2015, when plaintiff filed a motion[12] for leave to file the instant motion[13] for a preliminary injunction relating to a proceeding pending in Texas state court. The Court has not been provided with a full account of the proceedings in Texas state court, but it is apparent from the briefing that the parties agree regarding the following general procedural history.

Plaintiff filed this Court's judgment in Harris County Court in Harris County, Texas, pursuant to Texas's Uniform Enforcement of Foreign Judgments Act.[14] *See* Tex. Civ. Prac. & Rem.

---

[7]R. Doc. No. 11, at 2.
[8]R. Doc. No. 21.
[9]R. Doc. No. 26.
[10]R. Doc. No. 39.
[11]R. Doc. No. 42. The Court later entered a separate judgment as to all defendants awarding fees and costs to plaintiff. R. Doc. No. 48.
[12]R. Doc. No. 50.
[13]R. Doc. No. 53.
[14]R. Doc. No. 53-1, at 3; R. Doc. No. 57, at 1; R. Doc. No. 59, at 4.

Code § 35.003(a) ("A copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state may be filed in the office of the clerk of any court of competent jurisdiction in this state."). The proceeding initiated by plaintiff's filing of the judgment was subsequently transferred to the Webb County District Court.[15] In that proceeding, motions to vacate the judgment[16] have been filed by several defendants,[17] which motions are set for hearing on May 7, 2015.[18] In his state-court motion, Mendoza contends that because he was not properly served with process or with the motion for summary judgment in this case, the Court's judgment is void as to him and cannot be enforced against him in Texas.[19] Garcia contends in his state-court motion that if the judgment is void as to Mendoza, it is void as to Garcia as well.[20]

Contemporaneously with his opposition, Mendoza has also filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure requesting that the Court

---

[15]R. Doc. No. 53-1, at 3; R. Doc. No. 57, at 2; R. Doc. No. 59, at 4.

[16]Plaintiff's motion states that the motions pending in Texas state court are attempts to vacate this Court's judgment. R. Doc. No. 53-1, at 1. Mendoza and Garcia both respond that if they are successful in the Webb County proceeding, then only a separate Texas judgment predicated on this Court's judgment will be vacated, and that this Court's judgment will remain intact. *See* R. Doc. No. 57, at 4-5; R. Doc. No. 59, at 2. Regardless of which characterization of the procedural posture is more accurate and the potential direct or indirect effect that the Webb County proceeding might have on any issue before this Court, plaintiff's motion for a preliminary injunction must be denied for the reasons set forth below.

[17]The Court has been provided with copies of motions filed by defendants, Mendoza and Garcia. R. Doc. Nos. 53-4; 53-6, at 2. The briefing suggests that defendant, Lopez, has also filed a motion, but the Court has not been provided with a copy of that motion. *See* R. Doc. No. 53-1, at 4 & n.8.

[18]At the time plaintiff filed the motion for a preliminary injunction, the defendants' motions were scheduled for hearing on April 29, 2015. R. Doc. No. 53-1, at 1; R. Doc. No. 59, at 4. The Court has been notified that the hearing is now scheduled for May 7, 2015. R. Doc. No. 68.

[19]R. Doc. No. 53-4, at 2. In particular, Mendoza appears to contend that the attorney who filed an answer on Mendoza's behalf was not authorized to do so. R. Doc. No. 53-4, at 3.

[20]R. Doc. 53-6, at 8.

vacate the judgment.[21] Plaintiff has also filed a motion[22] for leave to file a reply brief which is **GRANTED**.

### STANDARD OF LAW

In order to obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs the injury to the party to be enjoined; and (4) that granting the injunction will not disserve the public interest. *PCI Transp., Inc. v. Fort Worth & W. R.R.*, 418 F.3d 535, 545 (5th Cir. 2005). A "preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003) (quoting *Miss. Power & Light co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). Courts have wide discretion with respect to whether to grant preliminary injunctions. *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987).

### ANALYSIS

Plaintiff asks this Court to enjoin defendants from challenging the validity of this Court's judgment as a defense in the Texas state-court proceeding initiated by plaintiff to enforce the (allegedly void) judgment against them.[23] When plaintiff filed his motion for a preliminary injunction, the validity of the judgment had not been squarely presented to the Court as a disputed issue, but Mendoza has now filed a Rule 60(b) motion to vacate the Court's judgment, which the Court will address in due course. Nonetheless, the question remains whether this Court can or should

---

[21]R. Doc. No. 62.
[22]R. Doc. No. 63.
[23]R. Doc. No. 53-1, at 1.

enjoin defendants from raising the same issues in the motions pending before the Webb County District Court.

Plaintiff's briefing focuses in large part on argument regarding "impermissible collateral attack[s] on this Court's judgment"[24] and "a presumption that a collateral attack should be brought in the court that rendered the judgment, if possible,"[25] but it lacks citation to a single apposite case in which a federal court granted an injunction comparable to the one plaintiff requests. Furthermore, plaintiff goes into great detail regarding why plaintiff believes this Court's judgment is valid, but he does not adequately explain why *only* this Court should decide that question.[26] Having reviewed the briefing, the record, and the applicable law, the Court concludes that plaintiff's motion is misguided and it must be denied because the requested injunction is prohibited by the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283.[27]

The AIA "generally prohibits federal courts from granting injunctions that stay state-court proceedings." *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 273 (5th Cir. 2009) (citing 28 U.S.C. § 2283).[28] Technically, plaintiff requests an injunction directed to defendants, not the Texas state court itself.[29] However, plaintiff seeks to enjoin defendants from pursuing arguments which are

---

[24] R. Doc. No. 53-1, at 1.
[25] R. Doc. No. 63-2, at 4.
[26] R. Doc. No. 53-1, at 7-26.
[27] Due to the expedited nature of this matter, the Court addresses only this basis for denying plaintiff's motion and the Court expresses no opinion as to the merits of any other arguments raised by the parties.
[28] "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.
[29] R. Doc. No. 53-1, at 1 (requesting that the Court "enjoin *all defendants*, particularly Patrick Mendoza, from attempting to vacate this Court's judgment in the above-captioned action through a collateral attack in the Webb County District Court in Laredo, Texas") (emphasis added).

scheduled for an upcoming hearing, which would have the practical effect of staying that state court proceeding. The relief requested by plaintiff therefore implicates the AIA which "applies to restraints on private parties as well as to those imposed directly on a state court." *Henry v. First Nat'l Bank of Clarksdale*, 595 F.2d 291, 300 (5th Cir. 1979) (citing *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281 (1970)); *see also* 17A Wright & Miller, Federal Practice & Procedure § 4222 (3d ed. 2015) ("The statute cannot be avoided by framing an injunction as a restraint on a party rather than directly on the state court.").[30]

There are three statutory exceptions to the AIA pursuant to which "a federal court may enjoin a state-court proceeding: (1) when expressly authorized by federal statute; (2) when necessary to assert jurisdiction; and (3) when necessary to protect or effectuate a prior judgment by a federal court." *Moore*, 556 F.3d at 273. Plaintiff's motion implicates only the third exception, which is referred to as the "relitigation exception." *See Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2375 (2011).

The relitigation exception "authorizes an injunction to prevent state litigation of a claim or issue 'that previously was presented to and decided by the federal court.'" *Id.* (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988)). Thus, "an essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." *Chick Kam Choo*, 486 U.S. at 148. "[I]ssuing an injunction under the relitigation exception is resorting to heavy artillery." *Smith*, 131 S. Ct. at 2376. "Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court," and when a state court is presented with an issue

---

[30]No party contends that the AIA does not apply to the requested preliminary injunction; rather, the parties dispute whether an exception to the AIA applies. *See* R. Doc. No. 53-1, at 6-7; R. Doc. No. 57, at 5-6; R. Doc. No. 59, at 5-6.

relating to the preclusive effect of a federal court judgment, "every benefit of the doubt goes toward the state court." *Id.* at 2375-76.

When it granted plaintiff's motion for summary judgment, this Court decided issues related to the enforceability of the promissory note pursuant to Louisiana substantive law.[31] The issues raised in Mendoza's motion in the Webb County proceeding are different; he contends that the judgment is void as to him because he was not served with process or served with the motion for summary judgment.[32] Plaintiff cites nothing in the record to support his assertion that these issues "have been actually decided by this Court,"[33] nor can he, because the Court has made no such decision.[34] Certainly, proper service of process and service of the motion for summary judgment were implicit premises underlying the Court's entry of a judgment against Mendoza and the other defendants, but neither issue was contested until now. Accordingly, the issues to be decided in the Webb County proceeding have not been "presented to and decided by" this Court and that "essential prerequisite" to the relitigation exception is absent. *See Chick Kam Choo*, 486 U.S. at 148. The AIA, therefore, prohibits the Court from enjoining the Webb County District Court from deciding those

---

[31]*See* R. Doc. No. 39, at 4-7.
[32]R. Doc. No. 53-4, at 2. Garcia's motion is contingent on the success of Mendoza's motion. R. Doc. No. 53-6, at 8.
[33]R. Doc. No. 53-1, at 15.
[34]Plaintiff asserts in his reply brief that these issues were "litigated or litigated by operation of waiver" and that "[t]he Court will recall addressing sufficiency of notice and service at a status conference with counsel while [plaintiff's] motion for summary judgment was pending last year." R. Doc. 63-2, at 4. Although the issues may have been flagged, the Court was never formally presented with a dispute and never decided those issues. Furthermore, the Court has not decided if Mendoza waived any arguments for challenging the judgment as void by failing to assert them before this Court entered judgment, or by failing to raise them in a direct appeal from this Court's judgment.

issues in the first instance.[35]

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for leave to file a reply is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a preliminary injunction is **DENIED**.

New Orleans, Louisiana, April 29, 2015.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[35] The possible preclusive effect of the Court's eventual resolution of Mendoza's Rule 60 motion is a hypothetical issue for another day.