UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACK RETTIG | CIVIL ACTION |
| VERSUS | NO. 14-996 |
| RONALD E. BRUNO, ET AL. | SECTION I |

## ORDER AND REASONS

The Court has pending before it a motion filed by plaintiff, Jack Rettig ("Rettig"), to lift the administrative stay, to sever and dismiss defendant Patrick G. Mendoza ("Mendoza"), and to issue amended judgments in this matter.[1] Defendant, Christopher Garcia ("Garcia"), filed the only opposition,[2] and plaintiff filed a reply.[3] For the following reasons, the motion is granted.

## BACKGROUND

On September 22, 2014, the Court granted plaintiff's motion for summary judgment to enforce a promissory note against defendants, Mendoza, Garcia, Ronald E. Bruno, Sergio Lopez, and Troy J. Williams.[4] On September 30, 2014, the Court entered a judgment in favor of plaintiff and against defendants, "jointly and severally, for the unpaid principal of and interest under the promissory note in the amount of $2,692,895.23" as well as interest.[5] On October 15, 2014, the Court issued a second judgment for attorney's fees.[6]

Plaintiff subsequently experienced opposition enforcing the judgment against defendants in

---

[1] R. Doc. No. 91.
[2] R. Doc. No. 94.
[3] R. Doc. No. 98.
[4] R. Doc. No. 39.
[5] R. Doc. No. 42, at 1.
[6] R. Doc. No. 48.

1

Texas. In this Court, plaintiff filed a motion to enjoin defendants, and particularly Patrick Mendoza, from purportedly attempting to collaterally attack this Court's judgments in Texas state court, which motion this Court denied.[7] Mendoza also filed a motion for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, contending that he had never been served with the motion for summary judgment.[8]

While Mendoza's Rule 60 motion was under submission, Mendoza filed for bankruptcy.[9] Following a telephone conference, the Court stayed and administratively closed all proceedings in this matter as to Mendoza and held the Rule 60 motion in abeyance, allowing any party to "file a motion to lift the stay within thirty days of a change of circumstances."[10]

## LAW AND ANALYSIS

Through the present motion, plaintiff hopes to delete Mendoza from this lawsuit, obtain amended judgments as to the remaining four defendants in the above-captioned matter free from whatever infirmities pertain solely to Mendoza, and "to proceed without delay in asserting his claims against Mendoza in the Bankruptcy Court and enforcing this Court's Judgments against the remaining Defendants."[11] To achieve this creative solution, plaintiff requests that the Court take four sequential actions: (1) lift the administrative stay, (2) sever Mendoza and dismiss plaintiff's claims against him, (3) amend the existing judgments to apply only to the remaining four co-defendants, including Garcia, and (4) deny Mendoza's Rule 60 motion as moot.[12] Mendoza filed no opposition

---

[7]The procedural history of this matter is set forth at greater length in the Court's order and reasons denying the motion for a preliminary injunction. R. Doc. No. 71.j
[8]*See* R. Doc. No. 62.
[9]R. Doc. No. 88.
[10]R. Doc. No. 89.
[11]R. Doc. No. 91-1, at 5.
[12]R. Doc. No. 91-1, at 1.

2

to this motion. The Court will address the viability and propriety of each stage of this solution, and then address Garcia's objections.

### A.     Lifting the Administrative Stay

First, plaintiff addresses whether this motion infringes the automatic bankruptcy stay as to Mendoza. Plaintiff sought and obtained from the bankruptcy court overseeing Mendoza's bankruptcy a lift of the automatic stay, "for the limited purpose of filing motions to sever or dismiss Debtor Patrick G. Mendoza from" the above-captioned matter in order that plaintiff may "proceed against the remaining defendants without further delay."[13] Garcia agreed to that lifting of the stay.[14] Accordingly, pursuant to the plain language of the bankruptcy court's order, the automatic bankruptcy stay is no longer a barrier to severing Mendoza and dismissing plaintiff's claims against him from this matter.[15]

### B.     Severing and Dismissing Mendoza

Next, plaintiff requests that the Court sever Mendoza pursuant to Rule 21 of the Federal Rules of Civil Procedure and then dismiss plaintiff's claims against Mendoza pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

With respect to severing Mendoza, pursuant to Rule 21, "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a

---

[13] R. Doc. No. 91-2, at 1-2.
[14] R. Doc. No. 91-2, at 1 (stating that Garcia "has agreed to this Order, as evidenced by the signature of his counsel below").
[15] Mendoza's conclusory assertion that the bankruptcy court order does not authorize a motion "to sever and dismiss," R. Doc. No. 94, at 5, is unsupported by common sense or by citation to any canon of construction or other relevant authority.

party."[16] Plaintiff cites cases in which courts have severed out bankrupt defendants subject to the automatic bankruptcy stay in order to allow plaintiffs to pursue claims against non-bankrupt co-defendants. *See Broadcast Music, Inc. v. Northern Lights, Inc.*, 555 F. Supp. 2d 328 (N.D.N.Y. 2008); *Sanchez v. El Rancho Sports Bar Corp.*, No. 13-5119, 2015 WL 3999161 (S.D.N.Y. June 30, 2015).

Garcia correctly notes that *Broadcast Music* and *Sanchez* are not completely on point with this matter because in those cases the plaintiff had not already obtained a judgment against the severed bankrupt defendant.[17] Nonetheless, the existence of a judgment in this matter is not a barrier to severing Mendoza. The plain language of Rule 21 allows the Court to drop a party "*at any time, on just terms.*" Accordingly, Rule 21 can apply to defendants after the Court has entered judgment "for remedial purposes, so long as the party is given sufficient notice and an opportunity to defend its interests." *See Comcast of Illinois X v. Multi-Vision Elecs., Inc.*, 504 F. Supp. 2d 740, 746-47 (D. Neb. 2007).[18] Mendoza was notified of this motion through electronic service on his enrolled counsel of record.[19] He has not filed a response. Accordingly, the Court finds that Rule 21 allows severing Mendoza.

With respect to dismissing plaintiff's claims against Mendoza without prejudice, Rule

---

[16]Although the title of Rule 21 is "Misjoinder and Nonjoinder of Parties," "[t]he application of Rule 21 has not been limited to cases in which parties were erroneously omitted from the action or technically misjoined contrary to one of the party-joinder provisions in the federal rules." 7 Wright & Miller, Fed. Prac. & Proc. § 1682 (3d ed. 2016).

[17]R. Doc. No. 94, at 7.

[18]*Comcast* involved the proposed post-judgment *addition* of a party. *See id.* at 746-47. If Rule 21 allows the Court to grant a plaintiff's request to *add* a defendant after judgment, certainly it should be construed to allow removing a defendant subject to the same due process protections.

[19]R. Doc. No. 91-1, at 9.

party."[16] Plaintiff cites cases in which courts have severed out bankrupt defendants subject to the automatic bankruptcy stay in order to allow plaintiffs to pursue claims against non-bankrupt co-defendants. *See Broadcast Music, Inc. v. Northern Lights, Inc.*, 555 F. Supp. 2d 328 (N.D.N.Y. 2008); *Sanchez v. El Rancho Sports Bar Corp.*, No. 13-5119, 2015 WL 3999161 (S.D.N.Y. June 30, 2015).

Garcia correctly notes that *Broadcast Music* and *Sanchez* are not completely on point with this matter because in those cases the plaintiff had not already obtained a judgment against the severed bankrupt defendant.[17] Nonetheless, the existence of a judgment in this matter is not a barrier to severing Mendoza. The plain language of Rule 21 allows the Court to drop a party "*at any time, on just terms.*" Accordingly, Rule 21 can apply to defendants after the Court has entered judgment "for remedial purposes, so long as the party is given sufficient notice and an opportunity to defend its interests." *See Comcast of Illinois X v. Multi-Vision Elecs., Inc.*, 504 F. Supp. 2d 740, 746-47 (D. Neb. 2007).[18] Mendoza was notified of this motion through electronic service on his enrolled counsel of record.[19] He has not filed a response. Accordingly, the Court finds that Rule 21 allows severing Mendoza.

With respect to dismissing plaintiff's claims against Mendoza without prejudice, Rule

---

[16]Although the title of Rule 21 is "Misjoinder and Nonjoinder of Parties," "[t]he application of Rule 21 has not been limited to cases in which parties were erroneously omitted from the action or technically misjoined contrary to one of the party-joinder provisions in the federal rules." 7 Wright & Miller, Fed. Prac. & Proc. § 1682 (3d ed. 2016).

[17]R. Doc. No. 94, at 7.

[18]*Comcast* involved the proposed post-judgment *addition* of a party. *See id.* at 746-47. If Rule 21 allows the Court to grant a plaintiff's request to *add* a defendant after judgment, certainly it should be construed to allow removing a defendant subject to the same due process protections.

[19]R. Doc. No. 91-1, at 9.

41(a)(2) allows the Court to dismiss an action at plaintiff's request "by court order, on terms that the court considers proper." Plaintiff, who has obtained an as-yet-uncollected judgment against Mendoza, requests that the Court dismiss his claims against Mendoza without prejudice so that he may pursue those claims in another venue.[20] Mendoza has not filed any opposition to this request.

Although this is certainly an unusual application of Rule 41(a)(2), the Court is unaware of any procedural reason why it cannot be granted, and Garcia articulates no such reason. Accordingly, the Court finds that the Federal Rules of Civil Procedure allow severance of Mendoza and voluntary dismissal without prejudice of plaintiff's claims against him.

**C.    Amending the Judgments**

Third, plaintiff requests that the Court "amend its September 30, 2014 and October 15, 2014 Judgments pursuant to Federal Rule of Civil Procedure 60(b) to exclude Mendoza from those Judgments."[21] "In other words, the amended judgments would be entered against only Defendants Bruno, Garcia, Lopez, and Williams, but would be otherwise identical to the current Judgments."[22] Plaintiff characterizes the proposed amended judgments as "akin to administrative corrections, in that if the Court severs and dismisses Mendoza from this action, it logically follows that Mendoza should be excluded from the Judgments."[23]

Rule 60 of the Federal Rules of Civil Procedure allows the Court, on motion and just terms, to relieve a party from a final judgment for specific enumerated reasons as well as for "any other reason that justifies relief."[24] Fed. R. Civ. P. 60(b)(1)-(6). The Court has "broad equitable power"

---

[20]R. Doc. No. 91-1, at 5.
[21]R. Doc. No. 91-1, at 7.
[22]R. Doc. No. 91-1, at 7.
[23]R. Doc. No. 91-1, at 7.
[24]R. Doc. No. 60(b)(6).

5

pursuant to Rule 60(b). *E.g.*, *Yesh Music v. Lakewood Church*, 727 F.3d 356, 358 (5th Cir. 2013). The Court also notes that it possesses ancillary jurisdiction to assist the enforcement of federal judgments, including post-judgment modification of parties. *See Comcast*, 504 F. Supp. 2d at 746-47. Accordingly, although neither plaintiff nor Garcia has cited a case on point, the Court perceives no barrier to applying Rule 60(b) in response to plaintiff's request to modify a judgment in favor of plaintiff and remove a defendant who is an impediment to plaintiff's execution of that judgment as to other jointly and severally liable co-defendants.

Garcia contends that if the Court severs and dismisses Mendoza, then this Court's judgments "will then become *interlocutory*, rather than remaining final as to the non-Mendoza defendants."[25] Garcia wants any amended judgments to cease to be final so that he has a chance to file a motion for reconsideration of the Court's September 22, 2014 order and reasons granting plaintiff's motion for summary judgment.[26] The Court is not persuaded why that should be the case; if this Court's judgments have been called into question as to any defendant, it is only Mendoza. Plaintiff's proposed course of severing and dismissing Mendoza would moot any issue as to those infirmities (at least in the above-captioned matter) without affecting the judgments as they pertain to Garcia and the other co-defendants. There is no reason why, if the Court granted plaintiff's request for Rule 60 relief and issued amended judgments, there should be any gap or window during which any judgment as to Garcia is anything less than final. Certainly, Garcia has not cited any authority in support of his contention that he should have a second bite at opposing plaintiff's summary judgment motion. Accordingly, the Court finds that Rule 60 authorizes issuing the amended

---

[25] R. Doc. No. 94, at 6.
[26] R. Doc. No. 94, at 6.

6

judgments proposed by plaintiff.

### D. Dismissing Mendoza's Rule 60 Motion as Moot

If the Court takes the first three steps outlined above, then it necessarily follows that Mendoza's Rule 60 motion should be dismissed as moot. Mendoza's Rule 60 motion pertains to this Court's judgments against him. If he is severed, dismissed, and omitted from amended judgments, he would be a non-party and there would no longer be any judgment of this Court against him from which he could seek relief. Neither would there be any justiciable claim by plaintiff against Mendoza.

Although Garcia contends that the bankruptcy court did not lift the stay for the purpose of disposing of Mendoza's Rule 60 motion,[27] this Court cannot dismiss Mendoza yet also decide his Rule 60 motion on the merits. Accordingly, dismissal of the Rule 60 motion as moot would necessarily follow from, and is therefore implicitly authorized by, the U.S. Bankruptcy Court's lift of the stay and the aforementioned procedural steps.

### E. Garcia's Arguments to the Contrary

Having reviewed plaintiff's proposed relief, the Court finds it to be unusual but authorized by the Federal Rules of Civil Procedure and by this Court's ancillary jurisdiction over its own judgments. Furthermore, the Court finds that the relief should be granted, and none of Garcia's remaining arguments in opposition are persuasive.

It is important to note that the question of service of the motion for summary judgment is personal to Mendoza; Garcia filed an opposition to the motion for summary judgment and, therefore,

---

[27]R. Doc. No. 94, at 7.

cannot complain about any deprivation of due process.[28] Fundamentally, Garcia has not articulated any basis why this Court's judgments are not valid *as to him*. The Court agrees with plaintiff that Garcia is merely attempting to piggyback on Mendoza's arguments to postpone the execution of a judgment that is entirely valid as to Garcia.

With that in mind, the Court is not persuaded that the effect of the Texas state court proceeding provides Garcia any relief from this Court's judgments. The Texas state court found that "Mendoza was not actually, constructively, or validly served with process" or served "with the motion for summary judgment" in the above-captioned matter.[29] As a result, the Texas state court vacated "the judgment entered automatically in *this* [Texas] cause . . . by virtue of docketing of this cause by the Webb County District Clerk on February 25, 2012."[30] As plaintiff correctly replies, this simply means that "the Texas state court has vacated a *domesticated version of this Court's Judgment*."[31] Consequently, plaintiff presently has no judgment filed and enforceable in a Texas state court, but the judgments entered by this Court remain in effect. If the state-court decision has any preclusive effect on any proceeding in this Court (an outcome which Garcia assumes but has not expressly briefed), such effect would only pertain to whether *Mendoza* received due process in this matter. Nothing about the Texas decision has any effect on the validity of this Court's judgment as to *Garcia*.

Likewise, the Court finds that Mendoza's service issue as raised in Texas state court is not

---

[28]R. Doc. No. 29.
[29]R. Doc. No. 94-1, at 21.
[30]R. Doc. No. 94-1, at 22. *See* Tex. Civ. Prac. & Rem. Code Ann. § 35.003; *Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex. App. 1996) ("The filing of a valid foreign judgment . . . automatically creates an enforceable *Texas* judgment.") (emphasis added).
[31]R. Doc. No. 98, at 4 (emphasis in original).

"inextricably interwoven" with anything having to do with Garcia, as he asserts.[32] Nor will severing and dismissing Mendoza and dismissing his Rule 60 motion "divest Garcia of rights he has already achieved in" Texas state court.[33] The domesticated Texas judgment would remain vacated, and amending this Court's judgments to omit Mendoza would not impose any new or different burdens on Garcia. There will be no other effect on Garcia except, as plaintiff accurately states, "putting an end to his ability to hide behind Mendoza's service arguments and bankruptcy filing."[34]

The procedural history of this matter is convoluted and likely *sui generis*. Plaintiff has proposed a creative and procedurally permissible solution that will expedite matters at no prejudice to Mendoza or Garcia. Accordingly, the Court finds that plaintiff's motion can and should be granted. As a result,

**IT IS ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant, Patrick G. Mendoza, are **SEVERED AND DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court's judgments of September 30, 2014, and October 15, 2014, are **VACATED** and that an amended judgment shall issue as set forth herein.

**IT IS FURTHER ORDERED** that Mendoza's motion pursuant to Rule 60 is **DISMISSED AS MOOT**.

New Orleans, Louisiana, May 24, 2016.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[32] R. Doc. No. 94, at 9.
[33] R. Doc. No. 94, at 11.
[34] R. Doc. No. 98, at 7.